IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-CV-01562-MSK-NYW

THE REGENTS OF THE UNIVERSITY OF COLORADO,

       Plaintiff,

v.

ALLERGAN, INC.
and ALLERGAN BOTOX LIMITED,

       Defendants.

---

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

---

       WHEREAS, the parties to the above-captioned case (the "Action" and the "Parties") may seek discovery of documents, information or other materials that may constitute or contain sensitive proprietary information, such as trade secrets or other confidential research, development or commercial information, of other parties or third parties within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

       WHEREAS such trade secret, confidential, or proprietary information must be protected in order to preserve the legitimate business interests of the parties or other persons;

       WHEREAS the parties have, through counsel, stipulated to the entry of this Stipulated Protective Order to advance this Action and prevent unnecessary dissemination or disclosure of such secret or other confidential research, development, or commercial information; and

WHEREAS the parties have established good cause for entry of this Stipulated Protective Order;

1

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby ORDERS that:

1.      This Stipulated Protective Order (the "Order") shall govern the disclosure, production and use of information, documents and tangible things in connection with the Action.

2.      **SCOPE OF PROTECTIVE ORDER**

(a)      Confidential Information - Any producing person, entity or third party ("producing party") may designate any information, document or tangible item to be disclosed and/or produced to any other person or entity ("receiving party") as CONFIDENTIAL INFORMATION if the producing party claims in good faith that such information, document or tangible item embodies, constitutes, contains, reveals, relates to, or reflects proprietary or confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). The producing party must give notice, as provided in this Order, that such information, document or tangible item comprises or contains CONFIDENTIAL INFORMATION.

(b)      Highly Confidential Information – Any producing party may designate any information, document or tangible item to be disclosed and/or produced to any receiving party as HIGHLY CONFIDENTIAL INFORMATION if the producing party claims in good faith that such information, document or tangible item (i) embodies, constitutes, contains, reveals, relates to, or reflects proprietary or confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), (ii) would not normally be revealed to third parties except in confidence or has been maintained as confidential in the past, or (iii) is significantly sensitive or protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.  The producing party must give notice, as provided in this Order, that

2

such information, document or tangible item comprises or contains HIGHLY CONFIDENTIAL INFORMATION.

(c)     Non-Confidential Information - CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION shall not include:

(1)     Information that was or is in the public domain at the time of disclosure, not in violation of this Order;

(2)     Information which after disclosure is published or becomes part of the public domain, through no fault of a person receiving information under this Order, but only after it is published or comes into the public domain not in violation of this Order;

(3)     Information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure, and such information was received from a source that possessed the right to disclose it without any such confidentiality obligations; or

(4)     Information disclosed by a third party that is not subject to any confidentiality obligations at the time of the disclosure; or

(5)     Information that is discovered independently by the receiving party by means that do not constitute a violation of this Order; or

(6)     Information that was, is, or becomes expressly released from being designated CONFIDENTIAL INFORMATION (as defined below), by the producing party or by order of the Court.

(d)     Designation of CONFIDENTIAL INFORMATION or  HIGHLY CONFIDENTIAL INFORMATION - All information, documents or tangible items to be produced in tangible form

3

sd-646936

that the producing party wishes to designate as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION must, prior to production to the receiving party, be labeled by the producing party with the legend: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER," as appropriate, or suitable equivalents thereof.

(e)     Documents for Inspection - All information, documents, or tangible things made available for inspection (such as for selection of materials for copying and production) shall be treated as information designated CONFIDENTIAL INFORMATION until produced in tangible form by the producing party. Once produced in tangible form, the information, documents or tangible things shall be treated as labeled by the producing party under the provisions of this Order.

(f)     Depositions and Oral Disclosures - All information to be disclosed at a deposition, or otherwise orally, shall be automatically designated as CONFIDENTIAL INFORMATION for a period of thirty (30) days from the date the deposition transcript becomes available.[1]  Thereafter, the information contained in the deposition transcript will no longer be deemed CONFIDENTIAL INFORMATION unless: (1) in a writing sent to counsel for the receiving party before the expiration of the thirty-day period, counsel for the producing party claims in good faith that the deposition transcript (or specified portion(s) of it) contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; or (2) at the deposition, counsel for the producing party stated on the record that certain portions or the entirety of the

---

[1]     All references to "days" mean calendar days.

4

deposition transcript contains CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION. The court reporter must mark the transcript accordingly

pursuant to the specified designation.

(g)     Written Discovery and Testimonial Documents - At least the first page of any

correspondence, any written discovery request or response (including interrogatories, document

requests, and requests for admission), or any report of an expert witness that constitutes or

contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

shall be labeled or marked as either CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION when served on the receiving party.

(h)     Use of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL

INFORMATION - The CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL

INFORMATION of another party pursuant to this Order shall not be used for purposes other

than this Action, including but not limited to, any other legal, regulatory, research, development,

commercial or business purpose, including the pursuit of intellectual property rights, including

patent prosecution, or in connection with another legal or regulatory proceeding in the U.S. or a

foreign country, subject to any further order of this Court regarding confidentiality.

(i)     Expert Discovery - The Parties agree to exclude from discovery all draft expert reports,

expert notes, and communications between Counsel and experts relating to the Action. The

Parties and their testifying experts must otherwise comply with the disclosure requirements set

forth in Federal Rule of Civil Procedure 26(a)(2).  This section shall not prevent a party from

inquiring into the basis of an Expert's opinion, including but not limited to, inquiries into where

and how an expert located any facts or material he relied on in his report(s).

(j)     New Parties - In the event that a new party is added, substituted, or brought into the Action, this Protective Order shall be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of the Protective Order.

(k)     This Protective Order also applies to all copies, summaries, translations, abstracts or similar compilations containing information, documents or things derived from a producing party's trade secret or other confidential research, development, or commercial information. Any designation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall apply to any copies, summaries, translations, abstracts or similar compilations of such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

3.     **DESIGNATION OF DOCUMENTS**

Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the producing party and a unique identifying number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the producing party and a unique identifying number. A producing party's designation under the provisions of this Protective Order shall constitute a representation that counsel for the producing party believes in good faith that the designation is appropriate under the standards set forth herein.

4.     **MAINTENANCE OF DOCUMENTS**

All CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION that is disclosed or produced in connection with the Action (1) shall be maintained in strict confidence by the receiving party; (2) shall be used solely in connection with the Action; and (3)

sd-646936

shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.

5.     **ACCESS TO CONFIDENTIAL INFORMATION**

(a)     Access to CONFIDENTIAL INFORMATION shall be strictly limited to the following persons, and in the following manner, except as otherwise provided in this Order:

(1)     Any Party and any of a Party's officers, directors, employees, trustees, partners, agents, or in-house legal personnel (or to any officer, director, employee, or in-house legal personnel of a parent, subsidiary or affiliate of any Party), provided that each person receiving CONFIDENTIAL INFORMATION shall execute a form of acknowledgement and undertaking in the form of Exhibit A;

(2)     Outside litigation counsel for any Party, and the staff of said outside counsel;

(3)     OrbiMed Advisors LLC, and its officers, directors, employees, trustees, partners, agents, in-house legal personnel, provided that each person receiving CONFIDENTIAL INFORMATION shall execute a form of acknowledgement and undertaking in the form of Exhibit A;

(4)     Outside counsel for OrbiMed Advisors LLC;

(5)     Outside experts or consultants for any Party who are not employees of a receiving party and who are retained in connection with the disputes between or among the Parties, and their supporting personnel, only to the extent necessary to carry out duties related to this litigation; provided that each outside expert or consultant receiving CONFIDENTIAL INFORMATION shall execute a form of acknowledgement and undertaking in the form of Exhibit A;

(6)     Non-technical trial consultants, graphics or design firms, copying vendors, and information technology consultants retained by outside counsel for any Party for the purpose of preparing, organizing, copying and otherwise using CONFIDENTIAL INFORMATION for purposes solely related to the Action, including their supporting personnel;

(7)     Licensed court reporters and videographers employed in connection with this Action solely involved for the recordation and transcription of deposition or court proceedings or for like purposes at the request and consent of the parties;

(8)     Authors, creators, addressees, and other recipients of CONFIDENTIAL INFORMATION, who, prior to the commencement of the Action, lawfully received or had access to the protected information;

(9)     This Court and its authorized personnel;

(10)    Any person agreed to in writing by the producing party.

6.    **ACCESS TO HIGHLY CONFIDENTIAL INFORMATION**

(a)    Access to HIGHLY CONFIDENTIAL INFORMATION shall be strictly limited to the following persons, and in the following manner, except as otherwise provided in this Order:

(1)     Outside litigation counsel for any Party, and the staff of said outside counsel;

(2)     A total of up to two (2) in-house counsel for a Party;

(3)     A total of up to two (2) employees of OrbiMed Advisors LLC and, additionally, up to one (1) in-house counsel for OrbiMed Advisors LLC, provided that each person receiving HIGHLY CONFIDENTIAL INFORMATION under this paragraph shall

execute a form of acknowledgement and undertaking the form of Exhibit A.  In the event that any employee or counsel under this paragraph ceases his employment with OrbiMed Advisors LLC, a replacement employee or counsel of OrbiMed Advisors LLC shall be permitted access to HIGHLY CONFIDENTIAL INFORMATION;

(4)     Outside counsel for OrbiMed Advisors LLC;

(5)     Outside experts or consultants for any Party who are not employees of a receiving party and who are retained in connection with the disputes between or among the Parties, and their supporting personnel, only to the extent necessary to carry out duties related to this litigation; provided that each outside expert or consultant receiving HIGHLY CONFIDENTIAL INFORMATION shall execute a form of acknowledgement and undertaking in the form of Exhibit A;

(6)     Non-technical trial consultants, graphics or design firms, copying vendors, and information technology consultants retained by outside counsel for any Party for the purpose of preparing, organizing, copying and otherwise using HIGHLY CONFIDENTIAL INFORMATION for purposes solely related to the Action, including their supporting personnel;

(7)     Licensed court reporters and videographers employed in connection with this Action solely involved for the recordation and transcription of deposition or court proceedings or for like purposes at the request and consent of the parties;

(8)     Authors, creators, addressees, and other recipients of HIGHLY CONFIDENTIAL INFORMATION, who, prior to the commencement of the Action, lawfully received or had access to the protected information;

9

(9)      This Court and its authorized personnel; and

(10)     Any person agreed to in writing by the producing party.

7.    **COURT FILINGS**

(a)      ~~All documents of any nature, including briefs, which have been designated as~~ ~~CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, and~~ ~~which are filed with the Court, shall be filed as~~restricted access in accordance with the ~~requirements of the United States District Court for the District of Colorado.~~  A party ~~may~~should redact  CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION from a  filing if it is practicable to do so, but any filing containing CONFIDENTIAL INFORMATION or  HIGHLY CONFIDENTIAL INFORMATION must be subject to restricted access.  All filings  that contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL  INFORMATION shall be accompanied by a motion to restrict public access that complies with  D.C.COLO.LCivR 7.2 and that demonstrates that the CONFIDENTIAL INFORMATION or  HIGHLY CONFIDENTIAL INFORMATION at issue is entitled to protection under the  standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)  (applied in *Western Convenience Stores, Inc. v. Suncor Energy U.S.A., Inc.*, 970 F. Supp. 2d 1162, 1192 (D. Colo. 2013)).  Any person identified in Subparagraphs 5(a) or 6(a) as permitted access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION,  respectively, may view filings in this Action designated as Level 1 restricted access under  D.C.COLO.LCivR 7.2.  However, nothing in this Protective Order binds the court to the grant of any filed Motion to Restrict, and in the event of a denial of the Motion to Restrict, the subject documents may be publicly available.

12

(b)      Upon the failure of the filing or lodging party to properly designate information, any

party or third party who in good faith believes that designation and filing under seal is required

may move the Court to file said information under seal within fourteen (14) days of learning of

the defective filing or lodging. Notice of such designation shall be given to all parties in the

Action. Nothing in this provision relieves a party of liability for damages caused by failure to

properly file CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION under seal.  The burden of proving that such information should be sealed shall

at all times remain on the party which designated the information as CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

8.      **USE BY PARTIES OF CONFIDENTIAL INFORMATION OR HIGHLY**

**CONFIDENTIAL INFORMATION**

CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may

only be used, relied upon, and referred to in connection with this Action.  CONFIDENTIAL

INFORMATION and HIGHLY CONFIDENTIAL INFORMATION may be used in connection

with any testimony or other evidence presented at any trial, hearing, or deposition in connection

with this Action, consistent with and under the terms of this Order, and subject to any further

order of this Court regarding confidentiality, as follows:

(a)      a party may examine, at a deposition, hearing or trial, persons who are authorized to

receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

under the terms of this Order, to the extent that such persons are permitted access to such

information under this Order, or as otherwise permitted by the Court;

(b)      a party may examine, at a deposition, hearing or trial, persons who are not authorized to

receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

13

under the terms of this Order, so long as such examination concerns CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION (i) for which the producing

party is the witness' current employer, (ii) was generated during the witness' employment at the

producing party in the event of a prior employee, or (iii) that the witness authored or previously

had access to or knowledge of, as demonstrated by the CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION itself or by foundation testimony during a

deposition, hearing or trial, or otherwise only as permitted by the Court. This Order shall not

prevent counsel from examining a witness in a good-faith effort to determine whether he or she

authored or previously had access to or knowledge of CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION. Further, this Order shall not prevent counsel

from impeaching, contradicting, or confronting such a witness at trial with such materials.

9.      **ATTENDEES OF DEPOSITIONS**

Consistent with the other provisions of this Protective Order, when a party's or third party's

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is

discussed or disclosed during a deposition, the party or third party may exclude any person not

authorized under this Order to have access to the CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION from the deposition while the CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed or discussed.

10.     **ATTORNEY ADVICE TO CLIENT**

Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a

party-client or, in the course thereof, relying upon his or her knowledge of CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in

rendering such advice, the attorney shall not disclose any CONFIDENTIAL INFORMATION or

14

HIGHLY CONFIDENTIAL INFORMATION received from a producing party to unauthorized persons.

11.     **CHALLENGES TO DESIGNATION**

A receiving party's acceptance of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION from a producing party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G). This Protective Order shall not foreclose any party from moving for an order that CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is not confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G), or otherwise subject to protection from disclosure by the Court. Prior to bringing such a motion, however, the receiving party shall first request in writing that the producing party change or remove its confidentiality designation. If the producing party refuses to change its confidentiality designation within fourteen (14) days, the receiving party may move for an order changing or removing the designation. On such a motion, the producing party shall have the burden of proving that the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION embodies, constitutes, contains, reveals, relates to, or reflects trade secrets, processes, operations, research, technical or developmental information or apparatus, production, marketing, sales, shipments, or other proprietary or confidential trade secret, technical, business, financial, or personnel information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) or is otherwise subject to protection from disclosure by the Court.

12.     **CORRECTION OF INADVERTENT FAILURE TO DESIGNATE**

The disclosure and/or production of any information, document or tangible item without a

designation of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION shall not constitute a waiver of any claim of confidentiality. Where such

undesignated disclosure or production resulted from inadvertence or mistake on the part of the

producing party, such inadvertence or mistake shall be brought to the attention of the receiving

party in writing within fourteen (14) days upon discovery of the inadvertent disclosure. Along

with the notice of such inadvertent or mistaken undesignated disclosure or production, the

producing party shall provide properly designated documents and/or tangible items, if applicable.

Upon receipt of such notice and properly designated documents and/or tangible items, if

applicable, the receiving party shall substitute properly designated copies for those previously

received and treat the information contained in or derived from said replaced documents and/or

tangible items as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION, and the receiving party shall return to Outside Counsel for the Producing Party

or third party all such previously undesignated information with all copies, or certify destruction

thereof, within seven (7) days after receiving the substitute copies. Upon receipt of notice, the

receiving party shall honor the provisions of this Order and shall consider and treat as properly

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION the

previously undesignated information. Under such circumstances, no receiving party shall have

any obligation or liability due to any good faith disclosure of the information which occurred

before the receipt of notice; provided, however, that any subsequent disclosure shall be in

accordance with such corrected designation.

13.    **INADVERTENT DISCLOSURE BY RECEIVING PARTY**

Should any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

sd 646936

INFORMATION be disclosed by a receiving party to any person not authorized to have access to such information under this Order, the receiving party shall:

(a) use its best efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and to bind such person to the terms of this Order; (b) within three (3) days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the producing party; and (c) request such person to sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the producing party within three (3) days of its receipt by the receiving party.  The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

14.     **NO REQUIREMENT TO WAIVE PRIVILEGE**

Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents or tangible things that counsel contends is partially protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "RP", "Redacted - Privileged", or a similar marking.

15.     **INADVERTENT PRODUCTION**

If a producing party inadvertently or mistakenly produces information, documents, or tangible items that should have been withheld subject to a claim of attorney-client privilege, work product

17

immunity, or on any other grounds, such production shall not prejudice such claim or otherwise

constitute a waiver of any claims of attorney-client privilege, work product immunity or

otherwise for such information, provided that the producing party makes a good-faith

representation in writing within fourteen (14) days upon discovery of the inadvertent disclosure

that such production was inadvertent or mistaken and takes prompt remedial action to withdraw

the disclosure. Within three (3) days of receiving a written request to do so from the producing

party, the receiving party shall return to the producing party any documents or tangible items that

the producing party represents were inadvertently or mistakenly produced.

The receiving party shall also destroy all copies or summaries of, or notes relating to, any such

inadvertently or mistakenly produced information; provided, however, that this Protective Order

shall not preclude the party returning such information from making a motion to compel

production of the returned information. The producing party shall retain copies of all returned

documents and tangible items for further disposition.

16.     **DISCOVERY REQUESTS RECEIVED FROM THIRD PARTIES**

By entering this Order and limiting the disclosure of information in this case, the Court does not

intend to preclude another court from finding that information may be relevant and subject to

disclosure in another case. Any party who receives a request from a third party that covers

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION through a

subpoena or other legal process shall inform the third party of this Protective Order and notify

the counsel of record for the party who has produced the CONFIDENTIAL INFORMATION or

HIGHLY CONFIDENTIAL INFORMATION of the third party's request, in sufficient time to

afford that party, and so that the party may have, an opportunity to appear and be heard on

18

whether that information should be disclosed. The producing party shall then have the right to

challenge the subpoena or otherwise contest production of its CONFIDENTIAL

INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, consistent with the

requirements of the Federal Rules of Civil Procedure.  Nothing herein shall be construed as

requiring anyone covered by this Protective Order to contest a subpoena or other process, to

appeal any order requiring production of CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL INFORMATION covered by this Protective Order, or to subject itself to

penalties for noncompliance with any legal process or order.

17.     **CONFIDENTIAL INFORMATION RECEIVED FROM THIRD PARTIES**

If, in responding to a discovery request, subpoena, other legal process or otherwise, a third party

discloses CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION

belonging to or owned by a party, the information disclosed by the third party shall be accorded

the same protection as if it were received from a producing party under this Protective Order. In

such an event, a party, in good faith believing the information disclosed to be its

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, may

designate such information pursuant to this Protective Order. Likewise, a third party disclosing

its own or a party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION may do so under the terms of this Protective Order if the third party first agrees

in writing to the terms of this Protective Order.

18.     **SEEKING RELIEF FROM, MODIFICATION OR ENFORCEMENT OF THIS**

**PROTECTIVE ORDER**

This Protective Order shall not prevent any party from applying to the Court for further or

additional protective orders, including an order requiring a receiving party to provide access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to any person not entitled to such access under this Order.

19. **PROTECTED INFORMATION AFTER TERMINATION OF THIS ACTION**

(a)　　This Order shall survive the termination of this Action.

(b)　　After final termination of this Action, including any appeals, outside counsel identified in Subparagraphs 5(a) and 6(a) for a receiving party may retain one archival copy of deposition transcripts, deposition exhibits, Court transcripts, Court exhibits and other submissions to the Court, including any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION contained therein.

Within sixty (60) days after final termination of this Action, including any appeals, or at a later date by agreement of the parties, all additional CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a producing party in the possession, custody or control of a receiving party—or in the possession, custody or control of any person allowed access to such information under Subparagraphs 5(a) or 6(a) of this Order—must either be: (1) returned to outside counsel for the producing party; or (2) destroyed and such destruction certified in writing to outside counsel for the producing party. Nothing in this Order requires the return or destruction of attorney work product or attorney-client communications of any party that is maintained and stored by outside counsel in the regular course of business.

(c)　　The Court retains jurisdiction even after the termination of the Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may deem appropriate.

DATED at Denver, Colorado, this 25<u>th</u> day of <u>March</u>, 20<u>15</u>.

BY THE COURT:


s/ Nina Y. Wang
United States Magistrate Judge


STIPULATED AND AGREED:

<table>
<tr>
<td>

/s/ Eric M. Acker
Eric M. Acker
EAcker@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, CA  92130-2040
Telephone:  858.720.5100
Facsimile:  858.720.5125


Attorney for Plaintiff The Regents of the
University of Colorado

</td>
<td>

/s/ Jeffrey T. Thomas
Jeffrey T. Thomas
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612
Telephone: (949) 451-3967
Facsimile: (949) 475-4670
Email:  jtthomas@gibsondunn.com


Attorney for Defendants Allergan and
Allergan BOTOX Limited

</td>
</tr>
</table>

21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-CV-01562-MSK-NYW

THE REGENTS OF THE UNIVERSITY OF COLORADO,

        Plaintiff,

v.

ALLERGAN, INC.
and ALLERGAN BOTOX LIMITED,

        Defendants.

---

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

---

I, _____ , state that:

My present employer is _____ and my present work address is

_____ .

My present title, occupation or job description is _____

_____ .

I have read and understand the provisions of the Stipulated Protective Order entered in this

action and I will comply with the provisions of that Stipulated Protective Order.  I consent to

be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective

Order.  I am aware that if I violate the provisions of this Stipulated Protective Order, this

Court may order the entry of contempt sanctions against me.

1

I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION, or any summaries, abstracts or indices of any CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION, that is disclosed to me or that I prepare.

Upon conclusion of the above-captioned litigation, including appeal, I will return to outside counsel for the party for whom I was employed, retained or acted as witness, or destroy, all CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION—and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto—in my possession.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____          _____
Date                                                             Signature


_____          _____
Name                                                           Title

2